LAGAI MUMAINA, IOSIA NUNU, FAILAUGA, and ALE ALAI, Plaintiffs

v.

ENE TOFILI, Defendant

No. 15-1962

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Tauiliili of Fitiuta]

June 4, 1962

Apelu, Counsel for Lagai Mumaina.
Muagututia, Counsel for Iosia.
Monike, Counsel for Failauga.
Ma'o, Counsel for Ale Alai.
F. Usuialii, Counsel for Ene Tofili.

OPINION OF THE COURT

MORROW, *Chief Judge.*

Ene Tofili filed his application with the Registrar of Titles to be registered as the holder of the matai name Tauiliili, attached to the Village of Fitiuta, Manua.

Lagai, Iosia, Failauga and Ale each filed an objection to the proposed registration, each of them becoming a candidate for the name. Hence, this litigation. See Section 932 of the A. S. Code. Each objector claimed that he had the right to be registered as the holder of the name instead of the applicant.

Section 926 of the A. S. Code, as amended, prescribes the qualifications that a person must have in order to be registered as the holder of a matai name. The evidence established that the applicant and each of the objectors possesses these qualifications and is, therefore, eligible to be registered as the holder of a matai name.

Section 933 of the A. S. Code as amended prescribes the law which the Court shall follow in determining which one of the opposing candidates for a matai name shall be registered as its holder. It reads as follows:

"Consideration Given by Court: In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(b) The wish of the majority or plurality of those members of the family related by blood to the title;

(c) The forcefulness, character, personality and capacity for leadership of the candidate;

(d) The value of the holder of the matai name to the Government of American Samoa."

Each of the five candidates filed a statement of his pedigree with the Court and testified as to his blood relationship to the Tauiliili name. It is our conclusion from the evidence that Iosia has $5/16$ Tauiliili blood, having $1/16$ through his father and $4/16$ through his mother, that Lagai has $1/8$ blood, Failauga $1/8$ blood, Ale $1/16$ and Ene $1/16$. It follows, and we so find, that Iosia ranks first on the issue of hereditary right; that Lagai and Failauga each

rank second and equally, and that Ale and Ene rank third and equally.

Each of the candidates filed a petition with the Court purporting to be signed by those blood members of the Tauiliili Family supporting his candidacy for the name. There were 473 signatures on the petition for Ene, 189 on the petition for Failauga, 136 on the petition for Iosia, 135 on the petition for Lagai, and 105 on the petition for Ale. Each of the candidates testified that all of the signers on his petition were blood members of the Tauiliili Family. Ene objected to 24 names on Lagai's petition, claiming that most of the 24 were not blood members. Iosia objected to 116 on Lagai's petition. Failauga objected to all 135 signers on Lagai's petition. Ale objected to only two on Lagai's petition, one on the ground that one name was printed, the other on the ground that the signer did not state on the petition the name of the Tauiliili from whom he claimed descent. Ale admitted that 133 of the 135 on Lagai's petition are blood members.

Ene objected to 45 names on Iosia's petition, 31 on the ground that they were not blood members and 14 on the ground that their names were written twice; also that included in the 14 were three forgeries. Lagai objected to 31 names on Iosia's petition, claiming that 14 has [sic] no blood, that two were under-age and that 15 names were written twice. Failauga objected to 31 names on Iosia's petition on the ground, as we understood it, that they did not sign for him (Failauga), although he said all 136 on Iosia's list were blood members. Ale objected to 19 names on Iosia's petition, claiming that nine had no blood, three were under-age, that six names were forged, and that one alleged signer was in Honolulu and could not have signed Iosia's petition in American Samoa. Ale admitted that the remaining 117 (136 less 19) on Iosia's petition were blood members of the Tauiliili Family.

Ene objected to 28 names on Failauga's petition, 26 on the ground that they were not blood members and two on the ground that their names were written twice. Lagai objected to 84 names on Failauga's petition, 72 on the ground that they were not blood members and 12 on the ground that 12 were written twice. Iosia objected to 70 names on Failauga's petition, 61 on the ground that they were not blood members, five on the ground that their names were forged and four because their names were printed. He admitted that the remaining 119 names were those of blood members of the family. Ale objected to four names on Failauga's petition, three on the ground that they were not blood members of the Tauiliili Family and one because it was printed. He testified that the other 185 are blood members.

Ene objected to two names on Ale's petition on the ground that they were not blood members and eight names on the ground that they were written twice. He had no objection to the other 95 names on Ale's petition. Lagai objected to 19 names on Ale's petition, 17 on the ground that they were not blood members and that two names were written twice. Iosia objected to 67 on Ale's petition, claiming that 50 were not blood members, that 16 names were forged and one printed. Failauga testified that 31 on Ale's petition had no Tauiliili blood. He admitted that the other 74 were blood members of the family.

Lagai objected to a total of 375 of the 473 names on Ene's petition, claiming that 305 had no Tauiliili blood, that 12 names were written twice, 28 signers did not indicate the date on which they signed, and that 30 did not name the Tauiliili from whom they claimed descent. Iosia objected to 436 names on Ene's petition, claiming that 291 had no Tauiliili blood, that 65 signatures were forged, that seven names were printed and that an additional 73 had no blood because the Tauiliili from whom they claimed de-

scent never existed. Iosia admitted that 37 on Ene's petition had Tauiliili blood. Failauga testified that 405 on Ene's petition were blood members but that 65 were not. He also claimed that three names on Ene's petition were written twice. Ale objected to 42 of the 473 names on Ene's petition claiming that 11 had no Tauiliili blood, that four names were forged and that 21 had signed without indicating the date of signing. Ale admitted that 431 on Ene's petition were blood members of the family.

It is apparent to us from the foregoing that there is tremendous conflict in the evidence as to who are blood members of the family and who are not. All of the witnesses were blood members of the family and claimed to know its blood membership.

We have considered all of the testimony and examined each of the petitions, all of which were introduced in evidence as exhibits. It is apparent to anyone examining the petitions that there are irregularities in all of them. For example, the ages of six children have been raised to 14 years on Iosia's petition, and in some instances it is clear that there are groups of names, each group in the same handwriting, thereby showing forgery. In fact, Iosia admitted some forgeries on his petition, but it is clear that there are others which he did not admit. And what we have said about forgeries on Iosia's petition can be said to a considerable extent about some of the other petitions. And we remark that we have no doubt whatever that every petition contains names of people who are not blood members of the Tauiliili Family.

However, after considering all of the testimony as well as what the petitions themselves show, we conclude that Ene ranks first on the issue of the wish of the majority or plurality of those members of the family related by blood to the title. We note that Ene's petition with 473 signers has more than twice as many signatures on it as has Fai-

lauga's with 189, more than three times as many as Iosia's with 136, more than three times as many as Lagai's with 135, and more than four times as many as Ale's with 105. Ale and Failauga are old men, and they ought to know who are blood members and who are not. As before stated, Failauga testified that 405 on Ene's petition were blood members while Ale testified that 431 were blood members.

While we believe from the evidence that each petition contains signatures of persons who are not blood members and some contain forgeries and some contain names signed twice, nevertheless, we are convinced that Ene prevails over each of the other candidates on the issue of the wish of the majority or plurality of those members of the family related by blood to the title. While there are some irregularities on Ene's petition, there are also irregularities in the other petitions, too.

Ene graduated from the 8th grade in the Marist Brothers School at Leone. He speaks English. He attended two teachers' institutes and taught school in Fitiuta for two years after his graduation from the Marist Brothers School. He is 48 years old. During the war, he worked as a stevedore. After the war he worked for six years in Shipping and Receiving in the Supply Department. He has worked on Family plantations. Ene was a pulenu'u's policeman for a year. Presently, he has a position at the Government Farm near Taputimu. Ene earns $32 every two weeks at the Government Farm. He testified that he got about $200 a month from aiga in the States. Ene also sells some produce including copra from his plantation for which he receives about $75 a month.

Lagai is 50 years old. He completed the 8th grade in the Fitiuta school. He speaks almost no English. He has worked on family plantations in Fitiuta most of his adult life. He has been a matai for about 10 years and testified that the Lagai title is a lesser title in the Tauiliili Family.

During the war, he worked as a stevedore and also worked in the construction of the bomb shelter in Fagatogo. He was the pulenu'u's policeman for a year in Fitiuta before he got the Lagai title. Lagai has served in the Legislature, having been elected a member of the House of Representatives. However, he did not introduce any resolution in the Legislature. He was the pulenu'u in Fitiuta, 1958 to 1960. He helps the pulenu'u when guests of honor come to Fitiuta. He testified that he receives about $200 a year from the sale of copra and $300 a year from the sale of taro, bananas, and mats. He also sells pigs and chickens. He told us that he received about $40 a month from his children who are working.

Iosia is 35 years old. He completed the 8th grade in school and speaks very little English. During the war he worked as a stevedore and also as a carpenter. After the war he went back from Tutuila to Manua and worked on plantations. A little over two-and-one-half years ago he was called to be an elder for the L.D.S. Church in Aua. Upon completion of his pastorate in April of this year, he was honorably released from his duties as pastor and returned to Fitiuta where he now resides, looking after family plantations. While a pastor he did not receive financial help from the members of his church nor did he borrow from church members. During his pastorate, he supported himself and family by selling produce from his plantations and from woodcraft, his annual income from these two sources being about $600 a year. Iosia is still an elder in the L.D.S. Church but inactive.

Failauga is 63 years old. He attended the faifeau's school, also Atauloma for five years, then Malua for four years, and then Fagalele three years. He graduated from Malua; also from about the 8th grade at Atauloma. He speaks almost no English. After graduating from Malua he held pastorates in various villages until 1940. It appears

to us from the evidence that he must have been let out as a pastor. Since 1940 he has not held a pastorate and no village has asked for him as its pastor. He lives in the Taua Family in Fitiuta, where he has worked on family plantations for the last 22 years, i.e., since he quit as a minister. Failauga has five children who are working for the Government. Each of them give him $10 every two-week pay period. He also receives help from a daughter in Honolulu and another in New Guinea. These latter two help him to the extent of about $50 a month. He does very little to help himself, receiving only about $25 a month from the sale of produce from his plantations and about $20 a month from the sale of copra.

Ale is 62 years old. He attended the Marist Brothers School in Leone, completing the 7th but not the 8th grade. He speaks almost no English, saying that his English was "very rusty." He went back to Fitiuta upon leaving school and has lived there ever since, except during the war when he was foreman of a stevedoring gang in Tutuila. Ale has held the Ale title for 30 years. The Ale title is not a title in the Tauiliili Family. Ale works family plantations. He testified that he receives a total of about $770 a year from the sale of pigs, copra and produce of his plantations. He testified that three of his children helped him financially to the extent of $360 a year each, and that his daughter's husband, who is a teacher in Papatea Jr. High School in Ta'u, gave him $100 a month. We think that Ale exaggerated his income somewhat, since it appears that his son-in-law's salary at Papatea is less than $100 a month. Ale has a large palagi house in Fitiuta which is used occasionally for village purposes. It has a water tank attached to it from which villagers frequently get water.

The hearing lasted four days. During that time the judges had an excellent opportunity to observe the personality of each of the five candidates for the title. From the

evidence and our observations during the hearing, we have concluded that Ene ranks first on the issue of personality, character, forcefulness, and capacity for leadership and that he prevails over each of the other four candidates on this issue.

We have said on more than one occasion that the value of the holder of a matai name to the Government depends to a considerable degree upon his capacity for leadership. *Toatolu et al. v. Laumea,* No. 51-1961 (H.C. of Am. S.); *Suega et al. v. Iosefa F. Sunia,* No. 4-1962. The fact is that the impact of Western culture upon the Samoan culture will be much greater during the next 15 years than it has during the past 15 years. A Samoan matai who is able to speak English, other things being equal, will be much better prepared to handle the affairs of his Samoan family when dealing with the Government than will the matai who speaks very little or no English. It is our conclusion from the evidence that Ene prevails over the other candidates on the issue of the value of the matai name to the Government, and we so find. As we have said, Ene speaks English; the other candidates speak very, very little. Ene is able, and has been able, to continue his education through reading American magazines and books printed in English. The others have not.

We have found that Ene prevails over each of the other four candidates on the second, third, and fourth issues, while we have found that Iosia, Lagai and Failauga each prevails over Ene on the first issue of hereditary right, and that Ene ranks equally with Ale on this issue.

In view of our findings that Ene prevails over each of the other four candidates on the second, third, and fourth issues, it follows that Ene should be awarded the title Tauiliili attached to the Village of Fitiuta.

## DECREE

Accordingly, it is ORDERED, ADJUDGED and DE-CREED that Ene Tofili shall be registered as the holder of the title Tauiliili attached to the Village of Fitiuta. The Registrar of Titles will be notified of this decree.

Costs in the sum of $100.00 are hereby assessed against Lagai, Failauga, Iosia Nunu, and Ale Alai, each of them to pay $25.00 within 30 days.